UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHARLENE CANYES,

      Plaintiff,

vs.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES, INC.

      Defendant.
_____/

COMPLAINT

COMES NOW, the Plaintiff, CHARLENE CANYES, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC., and further states as follows:

JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, CHARLENE CANYES, is *sui juris*, is a citizen and resident of the state of Florida and was at all times material a fare-paying passenger. Defendant does not object to Florida residents demanding a jury trial.

3. Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC. (CARNIVAL), is a foreign entity incorporated in the Republic of Panama, with its principal place of business in Miami, Florida.

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial, and not isolated business activity in Miami-Dade County, Florida, in the Southern District of

Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to filing this action. This Complaint is being filed pursuant to an express extension of the applicable statute of limitations.

GENERAL ALLEGATIONS

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about January 15, 2019, the Plaintiff was injured aboard Defendant's cruise ship CARNIVAL HORIZON as a result of being struck in the head by an unreasonably dangerous sharp metal latch protruding from an upper berth in her passenger cabin.

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL HORIZON.

13. At all times material Plaintiff acted with due care for her own safety.

COUNT ONE-NEGLIGENCE

14. Plaintiff reavers and realleges paragraphs One through Thirteen as if set forth herein.

15. On or about January 15, 2019, Plaintiff was an adult fare-paying passenger on Defendant's vessel CARNIVAL HORIZON.

16. Plaintiff suffered serious and permanent brain damage and other injuries to her head on

January 15, 2019, when she bent down to retrieve a bottle of water that had fallen out of a refrigerator and as she tried to stand up was caused to forcefully strike her head on an excessively and unreasonably sharp metal latch protruding from an upper berth. The lighting in the cabin was unreasonably dim and the latch was a hazard based in part on the way the cabin steward configured the beds in the cabin.

17. Prior to the Plaintiff's incident, CARNIVAL knew or should have known that the bunk bed was unreasonably dangerous because the latch was unreasonably sharp and protruding from the upper berth so as to cause a danger to passengers like Plaintiff. The unreasonably sharp nature of the latch was obvious to the cabin steward who lowered the bed from the wall and therefore the dangerous condition would have been known to Carnival. Any Carnival employee looking at this latch knew or should have known that this latch posed an unreasonable risk of harm to passengers like Plaintiff who were occupying the cabin.

18. Prior to the Plaintiff's incident, CARNIVAL was or should have been aware through the exercise of reasonable care in the circumstances that the poor design, construction, and maintenance of the passenger cabin caused the cabin to be unreasonably dangerous in the circumstances.

20. Despite knowing that its cabin posed an unreasonable hazard due to its poor design, construction, and maintenance, CARNIVAL did not change the design, material or maintenance of the bunk bed to keep sharp, protruding metal objects such as this latch from posing a risk of serious harm to passengers like the Plaintiff herein.

21. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to inspect the passenger cabin so as to eliminate hazards such as sharp,

    protruding metal objects where passengers are expected to be, and/or;

 b. Failing to properly maintain the subject cabin in a reasonably safe condition, and/or;

 c. Failing to properly and safely train the ship's crew including cleaners and cabin stewards to maintain the passenger, in a reasonably safe condition, and/or;

 d. Failing to properly maintain the subject bunk bed in a reasonably safe condition, and/or;

 e. Failing to conduct routine safety inspections of the passenger cabin, and/or;

 f. Failing to correct, replace, or otherwise modify the dangerous condition created by the sharp metal object protruding from the bunk bed, and/or;

 g. Failing to have sufficient lighting in a passenger cabin, and/or;

 h. Such other acts of negligence that may be gleaned from discovery.

22. At all times material, the Defendant created the dangerous conditions of which Plaintiff complains, and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions because of cabin stewards observing the latch, and/or Defendant had actual knowledge of the dangerous conditions.

23. As a result of the foregoing, the Plaintiff was seriously injured in and about her body when she was caused to strike her head on a sharp metal object protruding from a bunk bed aboard the Defendant's vessel when she bent down to retrieve a water bottle that had fallen on the floor of the cabin.  As a result of her head and brain injuries, Plaintiff has suffered pain, mental and emotional distress, and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise;

- 5 -

suffered a loss of earnings and/or earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT TWO- NEGLIGENT DESIGN AND CONSTRUCTION

24. Plaintiff reavers and realleges Paragraphs 1-13, 16 and 21 as if set forth herein.

25. Defendant CARNIVAL actively participated in the design and construction of CARNIVAL HORIZON. Defendant, through its new-build department, in-house engineers, architects, designers and others actively participated in the design and construction of the cabin and bunk bed which caused Plaintiff's injury.

26. Defendant contracted with design firms to design and construct the steps where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner had the ultimate ability to reject or accept the design, construction, and materials used on the bunk bed and cabin where Plaintiff was severely injured.

27. Defendant was negligent in the design, construction, inspection and approval process of the ship for failing to select, construct and/or design an upper berth and/or cabin which was and is reasonably safe in the circumstances without an unreasonably sharp protruding latch.

28. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the bunk bed posed an unreasonable hazard.

29. After installation, Defendant either became aware or should have become aware that the

poor design, construction, and/or maintenance of the subject bunk bed created a danger to passengers occupying the cabin. CARNIVAL should have changed the design and/or construction of the bunk bed so as to eliminate sharp protruding metal objects.

30. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly design the subject cabin, and/or

   b. Failing to properly design the subject bunk bed, and/or;

   c. Failing to specify a safe bunk bed in the design, construction, inspection and approval process during and after design and construction of the ship which were reasonably safe in the circumstances, and/or

   d. Choosing and approving a bunk bed which was not reasonably safe in the circumstances, and/or;

   e. Designing and/or constructing a passenger cabin with insufficient lighting, and/or;

   f. Such other negligent design and/or construction that may be gleaned in discovery.

31. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities, suffered brain damage and other serious injuries and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and/or loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment

interest and costs.  Jury trial is demanded.

## COUNT III-NEGLIGENT FAILURE TO WARN

32. Plaintiff reavers and realleges Paragraphs 1-13, 16 and 21 as if set forth herein.

33. The Plaintiff was seriously injured when she was caused to strike her head on a sharp metal object protruding from the upper berth in her cabin.

34. Defendant was aware or should have been aware through the exercise of reasonable care in the circumstances of the unreasonable danger posed by the subject bunk bed prior to the Plaintiff's incident however, Defendant failed to warn Plaintiff of that danger.

35. At all times material, Plaintiff was acting with due care for her own safety.

36. The Defendant failed to use reasonable care in the circumstances by failing to warn Plaintiff of the hazard posed by its bunk bed and the sharp metal object protruding therefrom.

37. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities, suffered brain damage and other serious injuries, and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered, suffered a loss of earnings and/or earning capacity.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 22nd day of March, 2022.

- 8 -

                    HOFFMAN LAW FIRM
                    PAUL M. HOFFMAN, ESQ.
                    2881 East Oakland Park Boulevard
                    Fort Lauderdale, FL 33306
                    Telephone: (954) 707-5040

*/s//Paul M. Hoffman, Esq.*
PAUL M. HOFFMAN
Florida Bar No:   0279897